IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE L. SMITH,<br><br>      Plaintiff,<br><br>   v.<br><br>DIXIE SCHOOL DISTRICT,<br><br>      Defendant. | No. C-04-00558 SBA (EDL)<br><br>**ORDER REQUIRING PRODUCTION OF PORTIONS OF PLAINTIFF'S JOURNAL; GRANTING IN PART DEFENDANT'S MOTION FOR FEES RELATING TO THE MOTION FOR *IN CAMERA* REVIEW AND AWARDING DEFENDANT'S COST FOR VIDEOTAPED DEPOSITION** |

In this employment discrimination case, Plaintiff, a physical education teacher at Miller Creek School in the Dixie School District from August 2001 through June 2003, claims that she was subjected to discrimination and was essentially forced to resign. On March 10, 2005, Defendant filed two discovery motions and a motion for fees and costs. On June 6, 2005, the Court issued an Order denying without prejudice Defendant's Motion for Discovery Referee, granting Defendant's request for *in camera* review of Plaintiff's personal journal and awarding some fees to Defendant. The Court ordered Plaintiff to produce an unredacted copy of the journal for *in camera* review to determine whether the redacted portions were protected by the attorney-client privilege. The Court deferred ruling on Defendant's Motion for Fees relating to the Motion for *In Camera* Review, and stated that Defendant was entitled to the cost of the videotape for Plaintiff's second deposition that would be awarded upon submission of evidence of that cost.

**Plaintiff's personal journal**

Plaintiff kept a personal journal in which she recorded her day-to-day experiences with the Dixie School District for the period February 27, 2003 through May 26, 2003, the last few months of her employment with the District. Six portions of the journal were redacted based on the attorney-

1  client privilege. Plaintiff never asserted any other privilege, such as the psychotherapist-patient
2  privilege, in connection with the redactions.

3  The Court has reviewed the unredacted copy of Plaintiff's personal journal and has found
4  that some portions were improperly redacted based on the attorney-client privilege. Some of the
5  redacted material consists primarily of words inserted in very small handwriting and the surrounding
6  sentences written in normal-sized handwriting. Plaintiff shall produce the portions as described
7  below to Defendant no later than July 5, 2005.

8  **April 8 redaction:** Only the portion of text written in small print between the first and
9  second lines of this entry is protected by the attorney-client privilege. The remainder does not
10 reflect attorney-client communications and therefore shall be unredacted and produced to Defendant.

11

12 **April 23 redaction:** The first two sentences are not privileged because they do not reflect
13 attorney-client communications. Those sentences shall be unredacted and produced to Defendant.
14 The last lengthy sentence is protected by the attorney-client privilege.

15 **April 30 redaction:** Only the two words of text written in small print between the second
16 and third words of the redacted segment are privileged and may be redacted. The remainder of this
17 portion of the journal is not protected by the attorney-client privilege because it does not contain any
18 attorney-client communication.

19 **First May 2 redaction:** The only portions of this four-line segment that are protected by the
20 attorney-client privilege are: (1) the two words of text written in small print between the second and
21 third words of this segment; and (2) the last sentence. The remainder is not privileged because it
22 does not contain any attorney-client communication, and therefore must be produced to Defendant.

23 **Second May 2 redaction:** This redacted portion of the journal is protected by the attorney-
24 client privilege.

25 **May 7 redaction:** This text is not protected by the attorney-client privilege because it does
26 not reflect any communication between Plaintiff and her counsel. This segment shall be unredacted
27 and produced to Defendant.

28 //

//

**Motion for Fees**

Defendant seeks an award of fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(4) relating to the discovery motion regarding Plaintiff's journal. Because Defendant's motion to compel is granted in part, reasonable expenses incurred in making the motion may be apportioned among the parties. See Fed. R. Civ. Proc. 37(a)(4)(C).

Defense counsel stated that he spent six hours preparing the motion and estimated that he would spend three hours preparing the reply brief, and that his hourly rate is $145.00. See Shupe Decl. In Support of Motion for Fees at ¶ 4. The amount of time expended and the billing rate is reasonable given the work performed. Because only some of the redactions were appropriate based on the attorney-client privilege, a fair apportionment of Defendant's expenses is for Plaintiff to pay half of Defendant's fees. Accordingly, Defendant's Motion for Fees relating to the Motion for Compel Production of Plaintiff's Unredacted Journal is granted in the amount of $652.50 for attorney's fees.

**Cost for videotape**

In the June 6, 2005 Order, the Court held that Defendant was entitled to the cost of the videotape for Plaintiff's second deposition. Defendant timely submitted an invoice for that service in the amount of $638.50, which Plaintiff shall reimburse.

**IT IS SO ORDERED.**

Dated: June 23, 2005

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3